# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 14-668V
### Filed: January 12, 2015

* * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| AIMEE DEAK, | * |
| | * |
| Petitioner, | * Damages Decision Based on Proffer; |
| | * Influenza Vaccine or Flu Vaccine; |
| | * Shoulder Injury Related to Vaccine |
| SECRETARY OF HEALTH | * Administration; SIRVA, |
| AND HUMAN SERVICES, | * Special Processing Unit |
| | * |
| Respondent. | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

Meredith Daniels (acting for Ronald Homer), Conway, Homer & Chin-Caplan, P.C.,
    Boston, MA, for petitioner.
Lisa Watts, US Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Vowell**, Chief Special Master:

On July 29, 2014, Aimee Deak filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq,*[2] [the "Vaccine Act" or "Program"]. Petitioner alleged that she suffered a shoulder injury which was caused in fact by the flu vaccination she received on October 13, 2012. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 24, 2014, I issued a ruling on entitlement, finding petitioner entitled to compensation. On January 12, 2015, respondent filed a proffer on award of compensation ["Proffer"] indicating petitioner should be awarded $166,542.49,[3] an

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

[3] On page 3 of the proffer, the total is listed as $166,542.59 instead of $166,542.49. Since all other amounts indicate 49 cents, it appears that total ($166,542.59) was mistakenly increased by 10 cents.

amount representing $6,000.00 in past unreimbursed expenses, $160,000.00 in pain and suffering, $542.49 in past unreimbursed expenses. Proffer at 2. According to respondent's Proffer, petitioner agrees to each of these proposed amounts. *Id.* at 1-2. Respondent indicates petitioner is a competent adult and guardianship is not required in this case. *Id.* at 2.

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $166,542.49 in the form of a check payable to petitioner, Aimee Deak.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**s/Denise K. Vowell**
Denise K. Vowell
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.